**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

David Lopez, Jr.,

Plaintiff,

v.

PennyMac Loan Services LLC, and Mortgage Contracting Services LLC,

Defendants.

Civ. No. 25-4792 (JWB/JFD)

**ORDER ON MOTION TO DISMISS**

---

David Lopez, Jr., Pro Se.

Michael J. Steinlage, Esq., Larson King, LLP, counsel for Defendant PennyMac Loan Services LLC.

Austyn K. Boothe, Esq., Benjamin J. Court, Esq., and Samantha Hanson-Lenn, Esq., Stinson LLP, counsel for Defendant Mortgage Contracting Services LLC.

---

Plaintiff David Lopez Jr. alleges that Defendant PennyMac Loan Services, LLC (PennyMac), which services his mortgage, and Defendant Mortgage Contracting Services LLC (MCS), which arranged property-preservation work, wrongly classified his home as abandoned while he was hospitalized and acted on it. He says they authorized entries and lock changes and caused essential utilities to be disconnected even after learning they had been wrong and that he still lived there. Lopez also challenges PennyMac's handling of mortgage assistance and protections associated with his VA-guaranteed loan. Both Defendants move to dismiss his fourteen-count amended complaint. (Doc. Nos. 25, 51.)

Counts VI and IX of the amended complaint invoke federal law, and the remaining

counts arise under Minnesota law. Count VI alleges violations of the Real Estate Settlement Procedures Act (RESPA) and Regulation X. Count IX invokes the VA Home Loan Program Reform Act and related veteran-borrower protections. Neither count states a plausible federal claim as pleaded. Lopez will be given one further opportunity to amend. His Minnesota-law claims will remain undecided, pending another amendment to the complaint.

**BACKGROUND**

Lopez alleges that he owns and occupied a home in Hibbing, Minnesota, that was subject to a VA-guaranteed mortgage serviced by PennyMac. PennyMac hired MCS to arrange inspections and to secure and maintain the property, including changing locks and shutting off utilities. MCS, in turn, hired other companies to perform that work. (Doc. No. 14. Am. Compl. ¶¶ 8–13.) While Lopez was hospitalized in May and June 2025, the defendants allegedly classified his home as vacant, authorized entries and lock changes, and damaged or removed belongings. (*Id.* ¶¶ 15–21, 35–38.)

Lopez says he repeatedly notified PennyMac and MCS that the home was occupied, including around June 25, 2025. (*Id.* ¶¶ 18–21.) He alleges that they nevertheless described the property as vacant and bank-owned in July and instructed Hibbing Public Utilities to discontinue water, gas, and garbage service. Lopez says those services were interrupted for about three days while he was recovering from hospitalization, limiting his ability to take medication, drink water, and care for himself. (*Id.* ¶¶ 31–34.) Defendants dispute this account.

Lopez also alleges that PennyMac agreed to temporarily suspend his mortgage

payments while he received medical treatment but then ended that arrangement early because it mistakenly believed he had abandoned his home. He says PennyMac later restored the arrangement before ending it yet again. Lopez also alleges that PennyMac failed to consider other ways to help him avoid foreclosure and did not adequately respond to his requests for assistance. (*Id.* ¶¶ 24–30.)

## DISCUSSION

### I. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that, accepted as true, permit a reasonable inference of liability. Legal conclusions alone are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57, 570 (2007). Because Lopez represents himself, his complaint receives liberal construction. His failure to identify the correct legal theory or plead with a lawyer's precision is not necessarily fatal, but he must allege facts that support a plausible claim. *Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004).

### II. Analysis

#### A. Count VI – RESPA and Regulation X

The Real Estate Settlement Procedures Act (RESPA) governs certain aspects of mortgage servicing. Regulation X implements RESPA and imposes requirements on companies like PennyMac that administer mortgage loans, including requirements for responding to borrowers' requests for information, correcting servicing errors, and evaluating applications for assistance when borrowers have difficulty making their payments. *See* 12 C.F.R. §§ 1024.35, 1024.36, 1024.41.

Count VI alleges that PennyMac failed to evaluate loss mitigation options, engaged in "dual tracking," misrepresented the home's occupancy, and inadequately responded to written requests and hardship communications. (Am. Compl. Count VI, ¶¶ 24–30.) But the complaint does not connect those allegations to facts establishing a violation of a particular enforceable RESPA duty.

Regulation X imposes different obligations depending on the information submitted, when the servicer receives it, and the stage of foreclosure. A qualifying application may trigger duties to acknowledge receipt, seek missing information, evaluate a complete application, notify the borrower of the determination, and refrain from specified foreclosure steps. 12 C.F.R. § 1024.41(b)–(h). The regulation also limits foreclosure activity while a borrower performs under certain short-term forbearance or repayment arrangements offered on an incomplete application. *Id.* § 1024.41(c)(2)(iii). It does not require the servicer to offer any particular loss-mitigation option. *Id.* § 1024.41(a).

Lopez alleges that PennyMac granted forbearance, canceled it prematurely, and reinstated it, but then canceled it again. (Am. Compl. ¶¶ 24–25.) He does not adequately identify an application that triggered a particular notice or evaluation requirement—a required step that PennyMac failed to take—or a prohibited foreclosure act while an applicable protection remained in effect. His allegations of inspections and lock changes do not themselves identify the first notice or filing required for foreclosure, an order of sale, or a foreclosure sale covered by § 1024.41(f) or (g). Nor does § 1024.41 obligate PennyMac to offer the particular veteran assistance option Lopez wanted.

Lopez alleges that he sent secure messages and written requests to PennyMac. (Am. Compl. ¶¶ 27–30.) He does not sufficiently describe the contents and timing of a particular request, the alleged servicing error or information sought, or the required response PennyMac failed to provide. *See* 12 U.S.C. § 2605(e); 12 C.F.R. §§ 1024.35–.36. The complaint also does not plausibly connect a specified RESPA violation to actual damages, as distinct from the injuries alleged to have resulted from property preservation work. *See Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 719–20 (8th Cir. 2018).

Lopez alleges forbearance and communications about his loan. What is missing is a sufficiently pleaded failure to perform a specific statutory duty, together with a resulting injury for which RESPA provides relief. Count VI therefore fails to state a claim. Because additional facts concerning the communications or servicing chronology could affect that conclusion, the dismissal is without prejudice and Lopez may amend.

**B. Count IX – VA Home Loan Program Reform Act**

Count IX alleges that PennyMac denied Lopez protections associated with H.R. 1815. (Am. Compl. Count IX, ¶¶ 26–30.) Enacted July 30, 2025, as the VA Home Loan Program Reform Act, Pub. L. No. 119-31, 139 Stat. 475, the legislation authorizes the Secretary of Veterans Affairs to take specified measures concerning defaults on VA-guaranteed home loans. Lopez identifies no provision giving him a private damages action against PennyMac for failing to offer a particular program. The enactment also does not make the property preservation conduct alleged to have occurred before July 30, 2025 a violation of obligations created later.

The VA guarantee and applicable loan terms may bear on the parties' other rights and obligations. They do not establish an independent federal cause of action under the Act. Count IX is dismissed without prejudice. Permission to amend does not establish that the Act supplies a private remedy; an amended claim must have a valid legal basis and supporting facts.

**C. Amendment and the Minnesota claims**

Lopez seeks leave to amend his complaint. (Doc. No. 66.) Although he previously amended his pleading on January 28, 2026, to address deficiencies in an earlier submission, the present complaint is yet deficient because it does not adequately describe the servicing communications and other circumstances underlying his RESPA claim. (Am. Compl.; Doc. No. 27 PennyMac Mem. 1 n.1; Doc. No. 53, MCS Mem. 1 n.1.) Because additional factual allegations may establish a viable federal claim, leave to file a second amended complaint is warranted under Rule 15(a)(2).

Any second amended complaint must stand on its own. It must identify the defendants, state the claims and the facts supporting them, and specify the relief sought. Lopez cannot rely on allegations in his earlier complaint unless he includes them in the new pleading, nor can he supplement the new pleading through letters or memoranda opposing dismissal. Granting leave to amend does not determine whether the second amended complaint will state a claim upon which relief may be granted.

The remaining counts assert claims under Minnesota law. Because the federal claims are dismissed, the question remains whether an independent basis for federal jurisdiction exists or whether supplemental jurisdiction should be exercised over those

claims.

The decision whether to exercise supplemental jurisdiction over Lopez's Minnesota law claims is deferred. If no viable federal claim or independent basis for original jurisdiction remains after amendment, supplemental jurisdiction will be declined under 28 U.S.C. § 1367(c)(3) and the Minnesota-law claims will be dismissed without prejudice. For this reason, MCS's motion to dismiss is denied without prejudice as premature. MCS will have leave to renew its motion to the extent any dispute remains after Lopez amends his pleading.

Lopez also invokes diversity jurisdiction, but the amended complaint does not establish that the parties are citizens of different states. (Am. Compl. ¶¶ 6, 8–10.) Although Lopez alleges that he resides in Minnesota, an individual's citizenship for diversity purposes depends on domicile—where the person lives and intends to make a permanent home—not merely where the person resides. *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014). Additionally, the complaint does not identify the members of either defendant limited liability company or allege their citizenship. A limited liability company is a citizen of every state in which one of its members is a citizen. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

The complaint therefore does not establish diversity jurisdiction under 28 U.S.C. § 1332. If Lopez invokes diversity jurisdiction in a second amended complaint, he must allege facts establishing complete diversity of citizenship.

Lopez's requests for damages and equitable relief are likewise reserved. (Am.

Compl. 14–16.)

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Defendant PennyMac Loan Services, LLC's motion to dismiss (Doc. No. 25) is **GRANTED IN PART**. Counts VI and IX of the amended complaint (Doc. No. 14) are **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 12(b)(6).

2. Defendant Mortgage Contracting Services LLC's motion to dismiss (Doc. No. 51) is **DENIED WITHOUT PREJUDICE**.

3. Plaintiff David Lopez, Jr.'s motion for leave to amend (Doc. No. 66) is **GRANTED** as described in this Order. Lopez may file one further amended complaint within 30 days after entry of this Order. It must be complete in itself, state all claims and facts he wishes to assert, specifically identify which claims are asserted against which defendants, and may not incorporate an earlier complaint or an opposition memorandum by reference.

4. If Lopez files an amended complaint, Defendants must respond within 14 days after service, unless a different time is ordered. *See* Fed. R. Civ. P. 15(a)(3).

5. If Lopez does not file an amended complaint within 30 days, a further order will address whether to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). The Minnesota law claims are not dismissed automatically upon expiration of the amendment period. All other requests for relief are reserved. No final judgment is entered

at this time.

Date: November 23, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge